IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SHEILA WARNER § | |
| § | |
| v. § | Civil Action No. _____ |
| § | |
| HAYDEN HESTER, § | |
| VICTAULIC COMPANY, and § | |
| VICTAULIC COMPANY f/k/a § | |
| VICTAULIC NEWCO, INC. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Plaintiff Sheila Warner, and files this, her Original Complaint, complaining of and against Defendants Hayden Hester, Victaulic Company, and Victaulic Company f/k/a Victaulic NewCo, Inc.[1] In support thereof, Plaintiff would respectfully show this Honorable Court as follows:

**I. PARTIES**

1. Plaintiff Sheila Warner, an individual, is a citizen of the State of Louisiana, residing in Provencal, Louisiana.

2. Defendant Hayden Hester, an individual, is a citizen of the State of Texas and may be served with process at 2520 Woodhaven Drive, Flower Mound, Texas 75028-7542 or wherever he may be found.

---

[1] On April 30, 2021, Defendant Victaulic Company (herein nicknamed "Old Victaulic") merged with Victaulic NewCo, Inc. (herein nicknamed "New Victaulic"). Defendant Old Victaulic terminated its status as a foreign for-profit corporation with the Texas Secretary of State on June 3, 2021, and Defendant New Victaulic applied for registration as a foreign for-profit corporation on the same date. Since the merger, Defendant New Victaulic has operated under the name "Victaulic Company." On information and belief, Defendant Old Victaulic is a predecessor of Defendant New Victaulic, which was known as Victaulic NewCo, Inc. prior to the merger.

3. Defendant Victaulic Company (hereinafter "Old Victaulic") is a foreign for-profit corporation. Defendant Old Victaulic's principal place of business is located at 4901 Kesslersville Road, Easton, Pennsylvania 18040 formed pursuant to the laws of the State of New Jersey. Accordingly, it is deemed to be a citizen of the State of New Jersey and the State of Pennsylvania. Defendant Old Victaulic may be served with process by serving its registered agent for service, United States Corporation Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

4. Defendant Victaulic Company f/k/a Victaulic NewCo, Inc. (hereinafter "New Victaulic") is a foreign for-profit corporation. Defendant New Victaulic's principal place of business is located at 4901 Kesslersville Road, Easton, Pennsylvania 18040 formed pursuant to the laws of the State of Delaware. Accordingly, it is deemed to be a citizen of the State of Delaware and the State of Pennsylvania. Defendant New Victaulic may be served with process by serving its registered agent for service, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.   JURISDICTION AND VENUE

5. The Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the named Plaintiff and all named Defendants and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

6. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) (2) because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

7. The Court has personal jurisdiction over Defendant Hester because Defendant, an individual, is a resident of the State of Texas.

8. The Court has personal jurisdiction over Defendant Old Victaulic because Defendant Old Victaulic was engaged in interstate commerce and conducting business in the State of Texas at the time of the events giving rise to this lawsuit.

9. The Court has personal jurisdiction over Defendant New Victaulic because Defendant New Victaulic was engaged in interstate commerce and conducting business in the State of Texas at the time of the events giving rise to this lawsuit.

### III. AGENCY / RESPONDEAT SUPERIOR

10. Whenever it is alleged in this Complaint that Defendant Old Victaulic and/or Defendant New Victaulic did any act or thing, it is meant that Defendant Old Victaulic and/or Defendant New Victaulic's servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives, including but not limited to Defendant Hester, did such act or thing, and at the time such act or thing was done it was done with Defendant Old Victaulic and/or Defendant New Victaulic's authorization or was done in the normal routine course of the agency of or employment with Defendant Old Victaulic and/or Defendant New Victaulic.

### IV. FACTS

11. On December 17, 2020 at approximately 12:13 p.m., Plaintiff Sheila Warner was driving on Interstate 20 in Gregg County, Texas. At the same time, Defendant Hester was driving a 2017 Ford F-150 directly behind Plaintiff on Interstate 20.

12. At the time of the subject collision and immediately prior thereto, the weather conditions were clear, it was daylight outside, and the surface condition of the roadway was dry.

13. Immediately before the subject collision, Plaintiff began slowing due to ongoing roadway construction in a marked construction zone.

14. At the time of the subject collision, Defendant Hester failed to control his speed, failed to maintain a proper lookout, and failed to maintain an assured clear distance, violently colliding with the rear of Plaintiff's vehicle. The Texas State Trooper investigating the collision cited Defendant Hester for failure to control his speed and listed Defendant Hester's failure to control his speed as the sole contributing factor in causing the subject collision. The Trooper also concluded that Defendant Hester's following Plaintiff's vehicle too closely and his inattention to his driving may have contributed to cause the collision.

15. At the time of the collision, Defendant Hester was an employee of Defendant Old Victaulic and/or Defendant New Victaulic in the course and scope of his employment with Defendant Old Victaulic and/or Defendant New Victaulic.

16. On information and belief, Defendant Hester was driving a Ford F-150 owned by Defendant Old Victaulic and/or Defendant New Victaulic at the time of the subject collision.

17. As a proximate result of the collision and Defendants' negligent and grossly negligent acts and/or omissions, as complained of more fully herein, Plaintiff suffered severe personal injuries.

### V. COUNT ONE: NEGLIGENCE OF DEFENDANT HAYDEN HESTER

18. The occurrence made the basis of this lawsuit and the resulting injuries to Plaintiff were proximately caused by Defendant Hester's negligent and negligent *per se* acts and/or omissions, each of which is imputed to Defendant Old Victaulic and/or Defendant New Victaulic, including, but not limited to, one or more of the following: to:

   a. Failing to control his speed in violation of Tex. Transp. Code § 545.351(b)(1)-(2);

   b. Failing to maintain an assured clear distance between Defendant's vehicle and Plaintiff's vehicle in violation of Tex. Transp. Code § 545.062(a);

    c.   Failing to apply his brakes properly and timely as a reasonably prudent driver would have under the same or similar circumstances;

    d.   Failing to keep such lookout as a reasonably prudent driver would have under the same or similar circumstances;

    e.   Failing to pay the degree of attention that a reasonable person exercising ordinary prudence would under the same or similar circumstances;

    f.   Driving while distracted and/or using a mobile device;

    g.   Driving the vehicle without regard for the safety and welfare of other persons or property as an ordinarily prudent person would have under the same or similar circumstances;

    h.   Operating the vehicle in a manner inconsistent with the manner in which an ordinarily prudent person would have operated the vehicle under the same or similar circumstances; and

    i.   Driving the truck recklessly with willful or wanton disregard for the safety of persons or property in violation of Tex. Transp. Code § 545.401.

19.    Defendant Hester is independently liable for the foregoing negligent acts and/or omissions. Additionally, Defendant Old Victaulic and/or Defendant New Victaulic is vicariously liable for the foregoing negligent acts and/or omissions of Defendant Hester pursuant to the legal doctrine of *respondeat superior*.

20.    Each and all of the acts and/or omissions of Defendant Hester, singularly or in combination with others, constituted negligence and/or negligence *per se*, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## VI.  COUNT TWO: VICARIOUS LIABILITY OF DEFENDANT OLD VICTAULIC AND/OR DEFENDANT NEW VICTAULIC

21.    Plaintiff realleges paragraphs 1 through 20 and incorporates them by reference herein.

22. At all times relevant hereto, Defendant Hester was an employee of Defendant Old Victaulic and/or Defendant New Victaulic, and was in the course and scope of his employment at the time of the collision and was performing tasks for Defendant Old Victaulic and/or Defendant New Victaulic's benefit. The negligence of Defendant Hester is therefore imputed to Defendant Old Victaulic and/or Defendant New Victaulic. The negligence of Defendant Old Victaulic and/or Defendant New Victaulic, both directly and vicariously, proximately caused the collision in question pursuant to the legal doctrine of *respondeat superior*.

## VII. COUNT THREE: GROSS NEGLIGENCE

23. Plaintiff realleges paragraphs 1 through 22 and incorporates them by reference herein.

24. The negligence of Defendants as alleged above was of such character as to make Defendants guilty of gross negligence. Defendants conduct heedlessly and recklessly disregarded Plaintiff's rights and involved such an entire want of care as to indicate that it was a result of conscious indifference to her rights, welfare, and safety.

## VIII. COMPENSATORY DAMAGES

25. Plaintiff realleges paragraphs 1 through 24 and incorporates them by reference herein.

26. As a direct and proximate result of the negligent/negligent *per se* conduct of Defendants and the subject incident, Plaintiff Sheila Warner, sustained serious personal injuries. As a result of these injuries, Plaintiff has suffered the following damages:

   a. Reasonable and necessary medical expenses actually paid or incurred by or on behalf of Plaintiff in the past;

   b. Reasonable and necessary medical expenses that, in reasonable probability, Plaintiff will incur in the future;

   c. Physical pain and suffering in the past;

    d. Physical pain and suffering that, in reasonable probability, Plaintiff will sustain in the future;

    e. Mental anguish in the past;

    f. Mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

    g. Physical impairment in the past;

    h. Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

    i. Disfigurement in the past;

    j. Disfigurement that, in reasonable probability, Plaintiff will sustain in the future;

    k. Lost wages in the past;

    l. Loss of earning capacity that, in reasonable probability, Plaintiff will suffer in the future.

27. Plaintiff seeks fair and reasonable compensation for her damages together with pre-judgment and post-judgment interest at the maximum amount for the maximum period allowed by law.

## IX. **EXEMPLARY DAMAGES**

28. Plaintiff realleges paragraphs 1 through 27 and incorporates them by reference herein.

29. As a result of Defendants' grossly negligent conduct as described above and pursuant to Texas Civil Practice & Remedies Code § 41.003(a), Plaintiff is entitled to exemplary damages from Defendants in such an amount as may be found to be proper under these facts and circumstances.

## X. **PRAYER**

PREMISES CONSIDERED, Plaintiff requests that Defendants be summoned to appear and that, upon final trial of this cause, Plaintiff have:

    a. actual damages within the jurisdictional limits of this Court;

    b. exemplary damages;

    c. pre-judgment and post-judgment interest at the maximum rate for the maximum period allowed by law;

    d. costs of Court; and

    e. all such other and further relief to which Plaintiff may show herself justly entitled.

Respectfully submitted,
SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH

*/s/ M. Raymond Hatcher*
M. RAYMOND HATCHER — Lead Counsel
State Bar No. 24002243
rhatcher@sloanfirm.com
TAMER T. ABOURAS
State Bar No. 24112456
tabouras@sloanfirm.com
101 East Whaley Street
Longview, Texas 75601
Telephone: (903) 757-7000
Facsimile: (903) 757-7574

ATTORNEYS FOR PLAINTIFF